UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

OKSANA NASTYCH,                                    :

                Plaintiff,                 :

          -against-                                  :

BRITISH AIRWAYS PLC,                           :

            Defendant.                 :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC#**
**DATE FILED:** _2/2/10_

09 Civ. 9082 (AJP)

**OPINION AND ORDER**

**ANDREW J. PECK, United States Magistrate Judge:**

         Defendant British Airways PLC moves for partial summary judgment to limit plaintiff Nastych's damages under the Montreal Convention to a maximum of 1,000 Special Drawing Rights ("SDRs").  (Dkt. No. 14: Notice of Motion; see Dkt. No. 15: Bishop Aff.; Dkt. No. 16: Def. Rule 56.1 Stmt.; Dkt. No. 17: Def. Rule 56.2 Stmt.; Dkt. No. 18: Def. Br.)

         The parties have consented to decision of this case by a Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (Dkt. Nos. 12-13.)

         For the reasons set forth below, British Airways' motion is <u>GRANTED</u> in part.

## FACTS

Nastych alleges that British Airways lost her luggage when her flight from New York arrived in Budapest on July 13, 2009, and that while British Airways found her luggage later, she missed her ongoing flight and had to instead take a train. (See Nastych 1/28/10 Aff. at 1; Dkt. No. 8: Am. Compl. "Relief No. 1"; Dkt. No. 10: 12/14/09 Conf. Tr. at 2-3.)

Second, when plaintiff Nastych returned on British Airways from Budapest to New York on August 31, 2009, British Airways again lost her luggage, which this time was never found. (Nastych 1/28/10 Aff. at 2; Am. Compl. "Relief No. 1.")

Nastych's complaint sought $25,000 in damages. (Am. Compl. "Relief No. 1.")

## ANALYSIS

### I.    THE MONTREAL CONVENTION

The rights of airline passengers on international flights are governed by the "Convention for International Carriage by Air," known as the Montreal Convention. S. Treaty Doc. No. 106-45, 1999 WL 33292734 (Treaty). Article 1 of the Montreal Convention states:

> 1. This Convention applies to all international carriage of persons, baggage or cargo performed by aircraft for reward.

Montreal Convention Art. 1, ¶ 1.

Article 17 provides for loss of baggage and Article 19 provides for delay in delivery of baggage:

> Art. 17, ¶ 2. The carrier is liable for damage sustained in case of destruction or loss of, or of damage to, checked baggage upon condition only that the event which

> caused the destruction, loss or damage took place on board the aircraft or during any period within which the checked baggage was in the charge of the carrier.
>
> . . . .
>
> Art. 19:  The carrier is liable for damage occasioned by delay in the carriage by air of passengers, baggage or cargo.

The Montreal Convention explicitly limits the carriers' liability for baggage loss or delay to 1,000 Special Drawing Rights:

> 2.  In the carriage of baggage, the liability of the carrier in the case of destruction, loss, damage or delay is limited to 1000 Special Drawing Rights for each passenger unless the passenger has made, at the time when the checked baggage was handed over to the carrier, a special declaration of interest in delivery at destination and has paid a supplementary sum if the case so requires.

Montreal Convention, Art. 22 ¶ 2.[1]

Finally, the Convention provides that "punitive, exemplary or any other non-compensatory damages shall not be recoverable."  Montreal Convention, Art. 29.

## II.   APPLICATION OF THE MONTREAL CONVENTION[2]

There can be no doubt that, as Nastych claims delay and loss to her baggage during international flights, the Montreal Convention, and particularly its limits on liability, apply.  See, e.g., Edem v. Ethiopian Airlines Enter., No. 08 CV 2597, 2009 WL 4639393 at *1-2, 6 (E.D.N.Y.

---

[1]   Article 23 defines Special Drawing Rights by reference to the International Monetary Fund, and further states that conversion to local currency (i.e., dollars for U.S. litigation) shall be the value at the date of judgment. (Montreal Convention, Art. 23 ¶ 1.)

[2]   Ms. Nastych's January 28, 2010 papers in opposition to British Airways' motion contained no analysis of the applicability of the Montreal Convention.  (1/28/10 Nastych Aff. at 5.)

Sept. 30, 2009) (where airline "failed to return" checked baggage to plaintiff, who flew from Newark, New Jersey to Nigeria via Ethiopia, court held that plaintiff's claim was within the scope of the Montreal Convention and limited plaintiff's right to recovery to 1,000 Special Drawing Rights); Booker v. BWIA W. Indies Airways Ltd., No. 06-CV-2146, 2007 WL 1351927 at *1, 5 (E.D.N.Y. May 8, 2007) (Where airline either lost or stole contents of plaintiff's baggage checked on a flight from New York City to Guyana, plaintiff's damages claim was "clearly within the scope of the Montreal Convention" and her recovery was limited to 1,000 Special Drawing Rights.), aff'd, 307 Fed. Appx. 491 (2d Cir. 2009); see also, e.g., Nunez v. Am. Airlines, 14 Misc. 3d 133(A), 2007 WL 195986 at *1 (1st Dep't App. Term, Jan. 26 2007).

British Airways' motion to limit Nastych's damages to 1000 SDRs, however, can only be granted in part. British Airways' motion does not address Nastych's claim for the delay of her baggage in Budapest on July 13, 2009. (See page 2 above.) While Article 29 of the Montreal Convention prevents Nastych from recovery for emotional distress or any other non-compensatory damages for the delay (see page 3 above), Nastych can seek to recover her out-of-pocket costs for train travel, to a maximum of 1000 SDRs. See, e.g., Booker v. BWIA W. Indies Airways Ltd., 2007 WL 1351927 at *4 ("Emotional inujuries . . . are not recoverable under the Montreal Convention unless they were caused by physical injuries."), aff'd, 307 Fed. Appx. at 493 (recognizing that, under the Montreal Convention, a plaintiff cannot recover emotional damages unless they are "sufficiently connected to physical injury"); Edem v. Ethiopian Airlines Enter., 2009 WL 4639393 at *6 (Article 19 of the Montreal Convention "establishes liability for damages due to delays caused by the air

5

carrier."); Kamanou-Goune v. Swiss Int'l Airlines, 08 Civ. 7153, 2009 WL 874600 at *4 (S.D.N.Y.

Mar. 27, 2009) ("Article 19 [of the Montreal Convention] . . . governs claims arising from delay in

international air transportation.").

        Nastych also would be entitled to recover the value of the luggage and its contents

lost on the return trip to New York on August 31, 2009 (and again, not allowed to recover for

emotional distress or other non-compensatory damages) – again to a maximum of 1000 SDRs.

        As of the date of this Order granting partial summary judgment, $1 equals 0.643421

SDRs, or 1 SDR equals $1.554190. Thus, 1,000 SDRs equal $1,554.19. (See www.imf.org.)

## CONCLUSION

        Accordingly, British Airways' motion for partial summary judgment (Dkt. No. 14)

is granted to the extent of limiting Nastych's recovery to a maximum of $1,554.19 for her July 13,

2009 luggage delay claim, and a maximum of $1,554.19 for her August 31, 2009 lost luggage claim.

        The Court strongly suggests that the parties settle this action before trial.

        SO ORDERED.

Dated:      New York, New York
          February 2, 2010

                              **Andrew J. Peck**
                              United States Magistrate Judge

Copies to:    Oksana Nastych (Regular & Certified Mail)
            Kevin J. Bishop, Esq. (Fax)

C:\OPIN\NASTYCH